# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-4184
Lower Tribunal No. 23CF-7553XXXX

_____

LAMONT RUM FORTSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Michelle O. Pincket, Judge.

August 15, 2025

MIZE, J.

In this *Anders*[1] appeal, Appellant, Lamont Rum Fortson ("Fortson"), appeals his judgment and sentence on multiple charges.  We affirm in all respects except for one, as set forth below.

Fortson entered a negotiated plea of nolo contendere to the offenses of resisting an officer without violence in violation of section 843.02, Florida Statutes

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

(2023) (Count 1), possession of a firearm by a convicted felon in violation of section 790.23, Florida Statutes (2023) (Count 2), and shooting into a building in violation of section 790.19, Florida Statutes (2023) (Count 3). He was sentenced to time served for Count 1, thirty-six months in prison with a three-year minimum mandatory term for Count 2, and thirty-six months in prison for Count 3, to run concurrently with his sentence for Count 2. No probation, community control, or other supervision was imposed. Despite the lack of a supervisory sentence, the trial court's monetary obligations order required Fortson to pay for costs of supervision and electronic monitoring.

The imposition of costs for supervision is governed by section 948.09(1)(a)1., which provides:

> Any person ordered by the court, the Department of Corrections, or the Florida Commission on Offender Review *to be placed under supervision* under this chapter, chapter 944, chapter 945, chapter 947, or chapter 958, or in a pretrial intervention program, must . . . pay the department a total sum of money equal to the total month or portion of a month of supervision times the court-ordered amount, but not to exceed the actual per diem cost of the supervision.

§ 948.09(1)(a)1., Fla. Stat. (2023) (emphasis added). Because Fortson was not sentenced to any form of supervision, the imposition of costs for supervision and monitoring was error.

Fortson raised the issue in the trial court by filing a motion to correct the sentencing error in accordance with Florida Rule of Criminal Procedure 3.800(b)(2).

The motion was deemed to have been denied when the trial court did not rule on it within sixty days. Fla. R. Crim. P. 3.800(b)(2)(B) ("[I]f the trial court does not file an order ruling on the motion within 60 days, the motion shall be deemed denied.").

Because the imposition of costs of supervision and monitoring was error, so too was the denial of his motion to correct the sentencing error. *Thompson v. State*, 386 So. 3d 1047, 1047-48 (Fla. 6th DCA 2024). We reverse the monetary obligations order and remand with instructions for the trial court to remove the supervision costs and enter a corrected order.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

NARDELLA and GANNAM, JJ., concur.

Blair Allen, Public Defender, and Daniel Muller, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Helene S. Parnes, Senior Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED